**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MARSHALL BURGESS, JR., | 3:08-cv-00437-RCJ (RAM) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | **OF U.S. MAGISTRATE JUDGE** |
| GLEN WHORTON, et al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Plaintiff's Motion for Summary Judgment. (Doc. #57.)[1] Defendants have opposed (Doc. #59), and Plaintiff has replied (Doc. #72). Also before the court is Defendants' Motion for Summary Judgment. (Doc. #58.) Plaintiff has opposed (Doc. #65), and Defendants have replied (Doc. #73). After a thorough review, the court recommends that Plaintiff's motion be denied and Defendants' motion be granted.

## I. BACKGROUND

At all relevant times, Plaintiff Marshall Burgess, Jr. was in the custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl. 1 (Doc. #12).) Plaintiff is currently an inmate at High Desert State Prison; however, the allegations set forth in Plaintiff's complaint pertain to events taking place when he was as an inmate at Nevada State Prison (NSP). (*Id.*) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) Defendants

---

[1]Refers to the court's docket number.

are various NDOC administrators and employees. (*Id.* at 2-3.) Plaintiff seeks compensatory and punitive damages. (*Id.* at 13.)

Plaintiff alleges that Defendants violated the Eighth Amendment by subjecting him to conditions of confinement that amount to cruel and unusual punishment. (*Id.* at 5.) Plaintiff claims that he endured extremely hot temperatures in his cell during the summer of 2006 that resulted in him suffering heat exhaustion and bites from bugs and "crabs." (*Id.* at 4-12.) Plaintiff also claims that Defendants violated the Eighth Amendment by acting with deliberate indifference towards Plaintiff's serious medical needs. (*Id.*)

## **II. LEGAL STANDARD**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute over the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). All reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 244 (1986)). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* (citing Fed.R.Civ.P. 56(c)). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996). In deciding whether to grant summary judgment, the court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). In doing so, the court must defer to the professional judgment of prison administrators when an inmate civil rights complaint is involved. *Beard v. Banks*, 548 U.S. 521, 526, 530 (2006); *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden,

1 the party opposing the motion may not rest upon mere allegations or denials of the pleadings, 2 but must set forth specific facts showing there is a genuine issue for trial. *Anderson,* 477 U.S. 3 at 248. Although the parties may submit evidence in an inadmissible form, only evidence 4 which might be admissible at trial may be considered by a trial court in ruling on a motion for 5 summary judgment. Fed. R. Civ. P. 56(c).

6 In evaluating the appropriateness of summary judgment, three steps are necessary: (1) 7 determining whether a fact is material; (2) determining whether there is a genuine issue for the 8 trier of fact, as determined by the documents submitted to the court; and (3) considering that 9 evidence in light of the appropriate standard of proof. *Anderson*, 477 U.S. at 248. As to 10 materiality, only disputes over facts that might affect the outcome of the suit under the 11 governing law will properly preclude the entry of summary judgment; factual disputes which 12 are irrelevant or unnecessary will not be considered. *Id.* Where there is a complete failure of 13 proof concerning an essential element of the nonmoving party's case, all other facts are 14 rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 15 477 U.S. at 323.

### III. DISCUSSION

17 **A.   CONDITIONS OF CONFINEMENT**

18 Plaintiff claims that Defendants forced him to endure extreme temperatures in his cell 19 during the summer of 2006. (Pl.'s Compl. 3.) According to Plaintiff, upon his arrival at NSP 20 on June 21, 2006, the air conditioning system in Unit 12 where he was incarcerated was not 21 functioning. (*Id.* at 3.) Plaintiff alleges that for forty-two days the heat in his cell was excessive 22 because the temperatures reached into the nineties and lower one-hundreds. (Pl.'s Opp'n to 23 Summ. J. 15 (Doc. #65); Pl's Comp. 9.) Plaintiff claims that very little air could circulate into 24 his cell because a metal door extending from the ceiling to the floor enclosed his cell. (Pl.'s 25 Comp. 6.) In an effort to obtain relief from the heat, Plaintiff asserts that he would sleep on the 26 floor so that he could feel cooler air. (*Id.* at 8.) According to Plaintiff, a correctional officer 27 opened the backdoor to the unit and allowed the inmates to take five-minute cool-down

28

showers for a few days. (*Id*. at 7.) Plaintiff alleges that even though ice water was in the unit for the inmates, the correctional officers only supplied the inmates with two cups of water each and saved the remaining ice water for themselves. (Defs.' Mot. for Summ. J. Ex. D-MSJ 031 (Doc. #58).) Because of his exposure to the heat, Plaintiff claims he suffered heat exhaustion and crabs. (Pl.'s Mot. for Summ. J. 4.)

Defendants argue that they are entitled to summary judgment because Plaintiff can meet neither the objective nor the subjective prong to sustain an Eighth Amendment claim. (Defs.' Mot. for Summ. J. 9.)

Under the Eighth Amendment, prison conditions should not "involve the wanton and unnecessary infliction of pain" or be "grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be, and often are, restrictive and harsh, prison officials "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)(quoting *Hudson v. Palmer*, 486 U.S. 517, 526-27 (1984)). Subjecting prisoners to extreme heat may violate the Eighth Amendment. *See Johnson v. Lewis*, 217 F.3d 726, 729-30, 732 (9th Cir. 2000).

In challenging prison conditions, an inmate must show that prison officials acted with deliberate indifference to a substantial risk of harm. *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998)(citing *Farmer,* 511 U.S. at 835). The deliberate indifference standard consists of an objective and subjective component. *Farmer*, 511 U.S. at 843. First, "the deprivation alleged must be, objectively, sufficiently serious." *Id*. (citations and quotations omitted). The act or omission of a prison official must "result in the denial of the minimal civilized measure of life's necessities." *Id*. (citations and quotations omitted). Second, a prison official must "know of and disregard an excessive risk to inmate health or safety." *Id*. at 837. "Mere negligence is not sufficient to establish liability." *Frost*, 152 F.3d at 1128. Prison officials may avoid liability by: (1) proving they were unaware of the risk, or (2) proving they "responded reasonably to the

4

1  risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

2        Here, assuming without deciding that the high temperature in Plaintiff's cell was
3  sufficiently serious, Plaintiff fails to show that Defendants acted with deliberate indifference.
4  Defendants do not contest that the air conditioning in Unit 12 was non-functional between
5  June 21, 2006, and August 2, 2006. (Defs.' Mot. for Summ. J. 5.) However, Defendants
6  provide documentation showing that seven fans were purchased and received prior to the air
7  conditioning being shut off in Unit 12. (*Id.* Ex. D-MSJ 054-055.) Two of the fans placed in
8  Unit 12 were thirty-inch heavy duty air circulating fans, and the five other fans were twenty-
9  inch box fans. (*Id.* Ex. D-MSJ 052-053.) Furthermore, Defendant Donat circulated several
10 notices apprising NSP staff and inmates of the air conditioning system's need for repair and the
11 measures to be taken during its repair. (*Id.* D-MSJ 048-051.) In particular, a notice to staff
12 dated July 14, 2006, states that "fans have been temporarily placed in the Unit," and a notice
13 dated July 20, 2006, states that "ice water is also being provided during the current heat wave
14 for Units 1 through 12." (*Id.* D-MSJ 050-051.) Defendants' evidence makes clear that they
15 were aware of the high temperatures and were taking steps to respond during the time period
16 when the air conditioning system was under repair. Additionally, when Plaintiff submitted a
17 grievance indicating that he could only seek relief from the heat by sleeping on the floor, but
18 was being told he could not do so, Defendant Baca responded that Plaintiff was allowed to sleep
19 on the floor except during count. (Pl.'s Mot. for Summ. J. 11 (Doc. #57).) Thus, the court finds
20 that Defendants actually knew of a substantial risk to inmate safety but that they responded
21 reasonably to the risk. *See Cable v. Wall*, 2010 U.S. Dist. LEXIS 37176, at *12, 2010 WL
22 1486494, at *5 (D. R.I. Mar. 18, 2010) (concluding that defendants' actions to repair a
23 ventilation problem after learning that an inmate had passed out indicated that they did not
24 consciously disregard a serious risk of substantial harm to the plaintiff). Under these
25 circumstances, Plaintiff fails to show that Defendants acted with deliberate indifference.

26       Additionally, Plaintiff's claim suffers from other defects. Several of Plaintiff's allegations
27 pertain to circumstances or actions in which the named Defendants either were not

28       5

1 participants or of which they did not have knowledge. For example, Plaintiff alleges that he and
2 other inmates were not regularly provided ice water and that the correctional officers kept the
3 ice water for themselves. (Defs.' Mot. for Summ. J. Ex. D-MSJ 031.) The remaining
4 Defendants in this action – Defendants Whorton, Cox, Donat, and Baca – are all prison
5 administrators, not correctional officers who were assigned to Unit 12 during the relevant time
6 period. (Pl.'s Comp. 2.) Plaintiff fails to show that any of the named Defendants were involved
7 in depriving Plaintiff of ice water or that they had knowledge that such circumstances existed.
8 In order for Defendants to have acted with deliberate indifference, they must "know of and
9 disregard an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. As to
10 Plaintiff's allegation that he suffered from heat exhaustion, Plaintiff fails to show that he
11 actually suffered from heat exhaustion and even states that when he discussed his symptoms
12 with the doctor, the doctor told him that "it's not the heat." (Pl.'s Compl. 5.) As evidence that
13 he suffered from heat exhaustion, Plaintiff submits a printout from MedicineNet.com. (Pl.'s
14 Mot. for Summ. J. 26-27.) This evidence, however, fails to demonstrate that Plaintiff actually
15 suffered from such a condition. Morever, Plaintiff fails to show that Defendants were aware
16 of any of his medical symptoms. Last, as to Plaintiff's claim that the high temperature in his
17 cell caused him to contract crabs, Plaintiff fails to demonstrate a causal connection between the
18 two. In sum, because Plaintiff fails to show that Defendants disregarded an excessive risk to
19 his health or safety, Defendants are entitled to summary judgment.

20 **B.   MEDICAL TREATMENT**

21 Plaintiff claims that Defendants violated the Eighth Amendment by acting with
22 deliberate indifference towards Plaintiff's serious medical needs. (Pl.'s Compl. 4-12.)

23 A prisoner can establish an Eighth Amendment violation arising from deficient medical
24 care if he can prove that prison officials were deliberately indifferent to a serious medical need.
25 *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A finding of deliberate indifference involves the
26 examination of two elements: the seriousness of the prisoner's medical need and the nature of
27 the defendant's responses to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.
28

6

1992). A "serious" medical need exists if the failure to treat a prisoner's condition could lead to further injury or the "unnecessary and wanton infliction of pain." *Id*. (citing *Estelle*, 429 U.S. at 104). Examples of conditions that are "serious" in nature include an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain. *McGuckin*, 974 F.2d at 1060; *see also Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

If the medical needs are serious, the plaintiff must show that the defendants acted with deliberate indifference to those needs. *Estelle*, 429 U.S. at 104. "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). The plaintiff must demonstrate that the prison medical staff knew of and disregarded an excessive risk to his health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference entails something more than medical malpractice or even gross negligence. *Toguchi*, 391 F.3d at 1061. Inadvertence, by itself, is insufficient to establish a cause of action under § 1983. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs, Inc. v. Miller*, 104 F.3d 1133, 136 (9th Cir. 1997). Instead, deliberate indifference is only present when a prison official "knows of and disregards an excessive risk" to an inmate's health and safety. *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 858 (1994)). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment" or the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner. *Hamilton v. Endell,* 981 F.2d 1062, 1066 (9th Cir. 1992); *Hunt v. Dental Dep't.*, 865 F.2d 198, 201 (9th Cir. 1989) (citations omitted). Where delay in receiving medical treatment is alleged, however, a prisoner must demonstrate that the delay led to further injury. *McGuckin*, 974 F.2d at 1060.

In this case, Plaintiff fails to show that Defendants Whorton, Cox, Donat, or Baca personally participated in providing or failing to provide Plaintiff medical care. A claim

7

1  brought under 42 U.S.C. § 1983 requires a specific relationship between the actions of the
2  defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Dep't*
3  *of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). Supervisory
4  personnel are generally not liable under § 1983 for the actions of their employees under a
5  theory of *respondeat superior*. When a named defendant holds a supervisory position, the
6  causal link between him and the claimed constitutional violation must be specifically alleged.
7  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441
8  (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). Plaintiff must allege facts indicating that a
9  supervisory defendant either: personally participated in the alleged deprivation of
10 constitutional rights; knew of the violations and failed to act to prevent them; or promulgated
11 or implemented a policy "so deficient that the policy itself is a repudiation of constitutional
12 rights" and is "the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d
13 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

14     Here, Plaintiff alleges that "[d]efendants and medical" were aware of Plaintiff having
15 contracted "lice/crabs" but that they failed to treat Plaintiff for eighty-five days." (Pl.'s Opp'n
16 to Summ. J. 6.) Plaintiff supplies portions of his medical records to show that he requested
17 treatment for the bug bites and crabs. (Pl.'s Mot. for Summ. J. 38-45.) None of these records
18 show that any of the named Defendants participated in providing Plaintiff treatment, had
19 knowledge of the medical treatment Plaintiff received or did not receive, or promulgated or
20 implemented a policy that is the "moving force behind" the constitutional violation.
21 Furthermore, in his deposition, Plaintiff testified that "Dr. Snyder" and a "nurse" participated
22 in assessing his need for medical treatment but did not point to any of the named Defendants
23 in this action as participants. (Defs.' Mot. for Summ. J. Ex. D-MSJ 019-020, 027-028, 041.)
24 Therefore, Defendants are entitled to summary judgment on Plaintiff's claim that Defendants
25 acted with deliberate indifference to his serious medical needs.

26 / / /
27 / / /
28

8

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's Motion for Summary Judgment (Doc. #57).

**IT IS FURTHER RECOMMENDED** that the District Judge enter an Order **GRANTING** Defendants' Motion for Summary Judgment (Doc. #58).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: July 28, 2010.

_____
UNITED STATES MAGISTRATE JUDGE